**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LYUBOV YEFIMOVA,

                              Plaintiff,

       - v -                                                               Civ. No. 1:17-CV-699
                                                                                          (TJM/DJS)

DISTRICT COURT CLERK; JUDGE MAE A. D'AGOSTINO;
JUDGE THÉRÈSE WILEY DANCKS; and SECURITY,

                              Defendants.

**APPEARANCES:**                        **OF COUNSEL:**

LYUBOV YEFIMOVA
Plaintiff, *Pro Se*
101 S. Pearl Street
Apr. EIL
Albany, New York 12207

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent for review a civil Complaint filed by *pro se* Plaintiff Lyubov Yefimova. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, dated July 25, 2017, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court reviews, *sua sponte*, the sufficiency of the Complaint. For the reasons that follow, I recommend dismissal of the present Complaint in its entirety.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* at 678 & 679 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Review of the Complaint

In drafting her Complaint, Plaintiff utilized what appears to be a *pro forma* pleading applicable to claims brought in the New York State Court of Claims; thus, the format of the pleading is intended to elicit information that would be relevant to claims brought in that court, such as questions regarding whether the claim has been served and filed within ninety days of accrual. *See generally* Compl. The pleading submitted by Plaintiff spans just two pages, and the handwritten allegations of fact are sparse and, at times, illegible and/or incomprehensible. Within the caption of the pleading, Plaintiff names four Defendants: 1) District Court Clerk; 2) Judge Mae A. D'Agostino; 3) Thérèse Wiley Dancks; and 4) Security. There is no stated basis for this Court's exercise of jurisdiction and there is no statement of any particular cause of action being asserted.

Within the section that seeks to solicit facts in support of a claim, Plaintiff simply lists each Defendant with accompanying explanations as to why that particular Defendant is included in the action. With regard to Defendant District Clerk, it appears that the factual basis supporting a claim against this

unnamed individual is three-fold as follows: "1 – I never received a paper on the date of the trial court. 2. The replacement of my complaints. 3. The pressured me not to sign my complaints." *Id*. at p. 1.[1] Plaintiff does not, however, provide any further facts as to this individual's identity or title, nor does she provide specific dates of occurrence. Thus, it is unclear whether this person is the Clerk of the Court, a Deputy Clerk of the Court, or even, perhaps, a Courtroom Deputy or Law Clerk. As for Judge Mae A. D'Agostino, the handwritten sentences in this section are a bit difficult to read, however, it appears that the basis for naming Judge D'Agostino in this action is because Plaintiff has taken offense at a decision written by Judge D'Agostino and further claims that Judge D'Agostino conducted a trial with a criminal and paid thief, Yelena Vishnevets.[2] *Id.* The factual claims against Judge Dancks are more challenging to decipher, though the name of the same alleged thief is raised in this paragraph as well. Lastly, "Security" is apparently being named as a Defendant herein because "security exposed the door on the day of judgment." *Id.* No other facts are provided to allow for identification of the security personnel at issue. Plaintiff's demand is for ten million dollars. *Id*. at p. 2.

It is clear that in its present form, the Complaint fails to satisfy basic the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10.[3] With regard to the claims against the unamed court

---

[1] Citations to the Complaint are to those page numbers automatically assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

[2] Upon information and belief, it appears that Plaintiff may be referring to an individual by the name of "Yelena Vishnevetskaya" whom Plaintiff has brought up in several lawsuits in this Court as well as the Southern District of New York. It appears to be Plaintiff's belief that this individual stole Plaintiff's money while secured in a safe at a Trustco Bank, and possibly did other things to Plaintiff that she finds offensive. *See*, *e.g., Yefimova v. Trustco Bank*, Civ. No. 1:17-CV-730 (GTS/DJS).

[3] Federal Rule of Civil Procedure 8 provides that a pleading must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction . . .;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(continued...)

clerk and security, the allegations of fact are woefully deficient such that it is impossible not only to ascertain the identities of the individuals at issue, but there are no allegations by which this Court could find that a claim can be properly stated. In fact, the entire Complaint is devoid of any plausible claim upon which relief could be granted. Further plaguing the pleading is the fact that, as noted above, there is no indication as to what forms the basis for the Court's jurisdiction to entertain such an action. On these bases alone, the Court is well within its right to recommend dismissal of this action. Nevertheless, in light of her *pro se* status, the Court has delved a bit deeper into the pleading under review.

In reviewing Plaintiff's litigation history in this Court, it appears that this lawsuit is being filed against Judge D'Agostino and Judge Dancks because of Plaintiff's dissatisfaction with decisions rendered by these federal judges in prior actions brought by Plaintiff. For example, on May 1, 2017, Judge Dancks issued a report-recommendation and order following an initial screening of Plaintiff's *pro se* pleading in the civil action *Yefimova v. bank trustco*, Civ. No. 1:17-CV-403 (TJM/TWD). Therein, Judge Dancks recommended dismissal of the action due to the fact that the Court lacked subject matter jurisdiction and because the exact claims had already been brought before the Southern District of New York where it had been dismissed several times. That recommendation was thereafter adopted by the Honorable Thomas

---

³(...continued)
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
FED. R. CIV. P. 8(a).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:
**(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.
FED. R. CIV. P. 10(b).

J. McAvoy, Senior United States District Judge, on May 15, 2017, and the case was dismissed.

Also, on May 11, 2017, Judge D'Agostino adopted the recommendations rendered by the Honorable David E. Peebles, United States Magistrate Judge, and dismissed Plaintiff's civil complaint in another action due to her failure to state a claim, but allowed Yefimova an opportunity to amend. *See Yefimova v. IRS*, Civ. No. 1:16-CV-1536 (MAD/DEP), at Dkt. No. 12. While Plaintiff availed herself of that opportunity, Judge Peebles again recommended that the pleading be dismissed for he determined that it suffered from the same infirmities as the first pleading; that recommendation is pending review by Judge D'Agostino.

In light of this review, it seems to the Court that Plaintiff is unhappy as to the outcomes of these two civil actions and has now decided to sue some of the federal judges involved. These individuals, however, are absolutely immune from suit.[4] *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (noting that "[j]udges enjoy absolute immunity from personal liability for acts committed within their judicial jurisdiction"); *Collins v. Lippman*, 2005 WL 1367295, at *3 (E.D.N.Y. June 8, 2005) (judicial immunity applies to actions seeking monetary and injunctive relief). The allegations against Judge D'Agostino and Judge Dancks are practically incomprehensible, and, as to those factual allegations that can be read, it is clear that such do not form the basis for a plausible claim as such acts were clearly performed by the judges within their judicial capacity and judicial functions. Similarly, "[c]ourt clerks are granted absolute immunity where they

---

[4] The Court notes that although immunity from suit is a defense that would be raised by a defendant, the Second Circuit has held that, for purposes of an initial review under 28 U.S.C. § 1915, a court may find that a complaint is based on an indisputably meritless legal theory if a defense "appears on the face of the complaint," and may validly raise such a claim *sua sponte*. *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (collecting cases throughout the various Circuit Courts of Appeal that have upheld § 1915 dismissals based upon defenses that appear on the face of the complaint). The Court notes, as set forth below, that Plaintiff will have an opportunity to present any objections he has to this Court's recommendations to the assigned District Judge.

carry out judicial orders or perform acts integral to the judicial process." *Johnson v. Hynes*, 2016 WL 3080804, at *3 (E.D.N.Y. May 31, 2016) (collecting cases). Here, there are no clear allegations of fact against the "District Court Clerk" that are apart from ministerial acts and carrying out judicial decrees. *See id.* (citing *Peker v. Steglich*, 324 F. App'x 38, 40 (2d Cir. 2009)). Thus, Plaintiff cannot state cognizable claims against these individuals and each should be **dismissed with prejudice** from this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

In light of such shortcomings, the Complaint is subject to dismissal. In consideration of her *pro se* status, prior to outright dismissal, this Court would typically recommend allowing Plaintiff an opportunity to amend her pleading in order to cure any deficiencies noted above. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995). However, such effort would be futile in light of the Court's review of Plaintiff's litigation history in this Court and in the Southern District of New York, which has prompted this Court to recommend in another civil action that the Chief District Judge bar Plaintiff from filing any lawsuits in this District without first seeking permission from the Chief District Judge. *See Yefimova v. Trustco Bank*, Civ. No. 1:17-CV-730 (GTS/DJS).[5]

**WHEREFORE**, it is hereby

**RECOMMENDED**, that this action be **dismissed** due to Plaintiff's failure to comply with Federal Rules of Civil Procedure 8 and 10 and, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) & (iii) for failing

---

[5] In that action, Plaintiff's litigation history in the Southern District of New York as well as the Northern District of New York served as the backdrop for a bar order as Plaintiff was attempting to relitigate claims that had already been rebuffed on multiple occasions in the Southern District. *See Yefimova v. Trustco Bank*, Civ. No. 1:17-CV-730 (GTS/DJS). In fact, Plaintiff's pension for bringing frivolous actions led to a similar bar in the Southern District of New York and she has been warned on several occasions by the Second Circuit Court of Appeals that a similar sanction could issue from that Court. It seems that Plaintiff has now transferred her litigious tactics to this Court.

to state a claim and for seeking monetary relief against defendants who are immune from such relief; and it is further

**RECOMMENDED**, that in light of Plaintiff's vexatious litigation history, and in light of this Court's recommendation in the civil case *Yefimova v. Trustco Bank*, Civ. No. 1:17-CV-730 (GTS/DJS), that a bar order be issued whereby Plaintiff would be permanently enjoined from filing any other cases in this District without leave of the Chief District Judge, Plaintiff should not be permitted to submit an amended pleading in this case and this matter should be closed; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the Plaintiff by certified mail, return receipt.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[6] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: July 31, 2017
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[6] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).